THOMAS A. EVANS (SBN 202841)
E-mail: tom.evans@alston.com
**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA 94105
Telephone:  +1 415 243 1000
Facsimile:    +1 415 243 1001

JONATHAN J. KIM (SBN 312145)
E-mail: jonathan.kim@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, Suite 1600
Los Angeles, CA   90071
Telephone:  +1 213 576 1000
Facsimile:    +1 213 576 1100

Attorneys for Defendant
**THE LAFAYETTE LIFE INSURANCE COMPANY**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA SCHOOL EQUIPMENT COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE LAFAYETTE LIFE INSURANCE COMPANY; an Indiana corporation; PENSIONLABS INCORPORATED, a Washington corporation; MICHAEL HOLMAN; an individual; PROBABILITY TECHNOLOGY, INC., a Washington corporation, aka PROBABILITY TECHNOLOGIES; CHARLES B. GRAMP and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>(Kern County Superior Court Case No. BCV-23-101953)<br><br>**DEFENDANT THE LAFAYETTE LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>[Filed concurrently with Appendix of State Court Pleadings; Certificate of Interested Parties; and Civil Cover Sheet]<br><br>Filing Date:        June 20, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant The Lafayette Life Insurance Company ("Lafayette") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Kern ("State Court"), where the above-entitled action ("Action") was filed, to the United States District Court for the Eastern District of California.

In support of this Notice, Lafayette alleges as follows:

## TIMELINESS OF REMOVAL

1.     On June 20, 2023, Plaintiff Sierra School Equipment Company ("Sierra" or "Plaintiff") commenced the Action in the State Court by filing a complaint ("Complaint") captioned *Sierra School Equipment Company v. The Lafayette Life Insurance Company, et al.*, Kern County Superior Court, Case No. BCV-23-101953.  The Complaint alleges five causes of action: (1) breach of contract; (2) negligence; (3) breach of the covenant of good faith and fair dealing; (4) negligent misrepresentation; (5) unfair, unlawful, and fraudulent business practices (violations of California Bus. & Prof. Code § 17200, *et seq.*).   [A true and correct copy of the Summons and Complaint is attached to the concurrently filed Appendix of State Court Pleadings as Exhibit A.]  Other than Plaintiff's filing of the Complaint in the State Court, no other filings have been filed with the State Court.

2.     Lafayette accepted service of the Complaint by Notice of Acknowledgment of Receipt, effective September 28, 2023.

3.     Therefore, this Notice of Removal, filed on October 20, 2023, is timely pursuant to 28 U.S.C. § 1446(b).

## VENUE

4.     Venue lies in the Eastern District pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(a).  This action was originally brought in the Superior Court of the State of California, County of Kern.

# DIVERSITY JURISDICTION

5.      This is a civil action over which this Court has original jurisdiction, and one which Lafayette may remove pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states and no defendant is a citizen of California, as described further below.

6.      <u>Plaintiff Sierra School Equipment Company's Citizenship</u>.

At the time of commencement of the Action and at the time of removal, Plaintiff was, and still is, a California corporation with its principal place of business in the County of Kern, California.  [*See* Complaint, at ¶ 2.]

7.      <u>Defendants' Citizenship</u>.

a.      <u>Defendant Lafayette</u>.  At the time of commencement of the Action and at the time of removal, Lafayette was, and still is, an Ohio corporation, with its principal place of business in Cincinnati, Ohio.  Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business."  The term "principal place of business" in the Federal diversity jurisdiction statute refers to the "nerve center" of the corporation, which has been defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [which] in practice . . . should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination. . . and not simply an office where the corporation holds its board meetings." *The Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

First, Lafayette is a citizen of the State of Ohio pursuant to 28 U.S.C. § 1332(c)(1) because it is a corporation incorporated in and organized under the laws of the State of Ohio.  Therefore, Lafayette meets the first requirement for establishing diversity of citizenship.  Second, Lafayette is also a citizen of the State of Ohio because its principal place of business is in the State of Ohio under the nerve center test, because its

headquarters are in Cincinnati, Ohio, and Cincinnati, Ohio is the actual center of direction, control, and coordination of the company. Therefore, diversity of citizenship exists between Plaintiff and Lafayette.

        b.   <u>Defendant Pensionlabs Incorporated</u>. At the time of commencement of the Action and at the time of removal, Defendant Pensionlabs Incorporated was, and still is, a Washington corporation with its principal place of business located in Olympia, Washington. [*See* Complaint, at ¶ 4.] Therefore, diversity of citizenship exists between Plaintiff and Defendant Pensionlabs Incorporated.

        c.   <u>Defendant Michael Holman</u>. At the time of commencement of the Action and at the time of removal, Defendant Michael Holman was, and still is, a citizen of the State of Washington and a resident of Olympia, Washington. [*See* Complaint, at ¶ 5.] Therefore, diversity of citizenship exists between Plaintiff and Defendant Michael Holman.

        d.   <u>Defendant Probability Technology, Inc.</u> At the time of commencement of the Action and at the time of removal, Defendant Probability Technology, Inc. had been dissolved, but prior to dissolution it was a Washington corporation with its principal place of business located in Lynden, Washington. [*See* Complaint, at ¶ 6.] Therefore, diversity of citizenship exists between Plaintiff and Defendant Probability Technology, Inc.

        e.   <u>Defendant Charles B. Gramp</u>. At the time of commencement of the Action and at the time of removal, Defendant Charles B. Gramp was, and still is, a citizen of the State of Washington and a resident of Lynden, Washington. [*See* Complaint, at ¶ 7.] Therefore, diversity of citizenship exists between Plaintiff and Defendant Charles B. Gramp.

      8.   <u>There is Complete Diversity Between All Parties.</u> A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). As established

1  above, Defendants are diverse from Plaintiff. Therefore, complete diversity of citizenship

2  exists between Plaintiff and Defendants.

3          9.      The Amount In Controversy Exceeds $75,000 Based on the Express

4  Allegations of Plaintiff's Complaint.  When measuring the amount in controversy, a court

5  must assume that the allegations of the complaint are true and that a jury will return a

6  verdict for the plaintiff on all claims in the complaint.  *Kenneth Rothschild Trust v.*

7  *Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001) (C.D. Cal. 2002).  In the

8  Complaint, Plaintiff alleges compensatory damages of no less than $1,500,000.

9  [Complaint, at pp. 20-21.]  Therefore, it is apparent from the face of the Complaint that

10  it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit

11  as Plaintiff seeks to recover no less than $1,500,000.  *Lenau v. Bank of Am., N.A.,* 131 F.

12  Supp. 3d 1003, 1005 (E.D. Cal. 2015) (quoting *Sanchez v. Monumental Life Ins. Co.,* 102

13  F.3d 398, 404 (9th Cir. 1996)).

14          10.     Consent to Removal.  All other defendants have been served in this matter.

15  Counsel for Lafayette has contacted the other named defendants in this matter and they

16  have confirmed that they consent to removal of this action.

17          11.     Conclusion.  Based on the foregoing, this Court has jurisdiction over the

18  Action under the provisions of 28 U.S.C. § 1332, in that this Action involves a

19  controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and

20  is between citizens of different States. Accordingly, this Action is properly removed to

21  this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

22                          **NOTICE TO STATE COURT**

23          12.     A true and correct copy of this Notice of Removal has been served on

24  Plaintiff and filed with the Clerk of the Superior Court of the State of California, County

25  of Kern, as required by law.

26

27

28

DATED:  October 20, 2023            **ALSTON & BIRD LLP**


By     */s/ Thomas A. Evans*
        Thomas A. Evans
        Jonathan J. Kim
        Attorneys for Defendant The Lafayette Life
        Insurance Company

# PROOF OF SERVICE

I, Robert Chang, declare:

I am employed in the County of San Francisco, State of California. My business address is Alston & Bird LLP, 560 Mission Street, Suite 2100, San Francisco, CA 94105. I am over the age of eighteen years and not a party to the action in which this service is made.

On **OCTOBER 20, 2023,** I served the document(s) described as follows **DEFENDANT THE LAFAYETE LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** on the interested parties in this action:

| | |
|---|---|
| D. Jason Davis<br>Davis Law Group<br>222 W. 6th Street, Suite 400<br>San Pedro, CA 90731<br>jdavis@dlglawcorp.com | Attorneys for Plaintiffs |
| Chad Weaver<br>Freeman Mathis & Gary, LLP<br>3030 Old Ranch Parkway, Suite 200<br>Seal Beach, CA 90740<br>cweaver@fmglaw.com | Attorneys for Defendants Pensionlabs Incorporated and Michael Holman |
| Charles Gramp<br>cgramp@gmail.com | For Defendants Charles Gramp and Probability Technology, Inc. |

☒  BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list

☒  [Federal]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

[Federal]        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 20, 2023, at San Francisco, California.

*/s/ Robert Chang*

_____
Robert Chang